1

2

3

4

5                        IN THE UNITED STATES DISTRICT COURT

6                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    SERGIO  IVAN GUTIERREZ,                          No. C 08-5586 SI

9                 Plaintiff,                          **ORDER GRANTING DEFENDANTS'**
                                                      **MOTION TO DISMISS WITH LEAVE**
10      v.                                            **TO AMEND and DENYING**
                                                      **PLAINTIFF'S MOTION FOR A**
11   WELLS FARGO BANK, *et al.*,                      **TEMPORARY RESTRAINING ORDER**

12                Defendants.
     _____/

13

14          Defendants have filed a motion to dismiss plaintiff's complaint.  This motion is scheduled for

15   hearing on February 13, 2009.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion

16   is appropriate for resolution without oral argument, and VACATES the hearing.  Defendants' motion

17   is GRANTED with leave to amend.  If plaintiff chooses to amend the complaint, **the amended**

18   **complaint must be filed and served no later than February 23, 2009.**  Plaintiff has also filed a

19   motion for a temporary restraining order.  Docket No. 11.  For the reasons discussed below, plaintiff's

20   motion is DENIED.

21

22                                        **BACKGROUND**

23          Plaintiff filed his complaint on December 15, 2008 against numerous defendants, alleging

24   unlawful foreclosure under the California Civil Code § 2924 *et seq.*, violations of the Fair Debt

25   Collections Practices Act ("FDCPA") and various state law tort claims.  The dispute centers on the

26   property located at 342 Athens Street in San Francisco, California ("the Property"), which plaintiff

27   occupied as his personal residence prior to foreclosure.  On December 12, 2005, plaintiff secured a loan

28   from defendants, which he used to purchase the Property.  The Property was later foreclosed upon and

**United States District Court**
For the Northern District of California

1    sold for $625,000 because plaintiff allegedly defaulted on his loan payments.

2          It is unclear precisely what plaintiff intends to allege.  His "counts" include fraud, usury, abuse

3    of process, intentional infliction of emotional distress, and trespass.  In many instances, what follows

4    each heading appears to allege something else.  The gravamen of plaintiff's complaint, however, appears

5    to be that the foreclosure sale was unlawful because plaintiff did not default on his loan payments and

6    because defendants failed to provide plaintiff with a bonafide verification of his debt.  Plaintiff also

7    avers that he was not provided proper notice of the foreclosure sale under California law, that defendants

8    committed fraud, and that the Property was sold "for cents on the dollar," obtaining far less than its true

9    market value.

10         Defendants have moved to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure

11   12(b)(6), arguing that plaintiff fails to allege facts sufficient to state a claim for relief.

12

13                                          **LEGAL STANDARD**

14         Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon

15   which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The question presented by a motion to dismiss

16   is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

17   evidence in support of the claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

18   *grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

19         Dismissal of a complaint may be based "on the lack of a cognizable legal theory or the absence

20   of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d

21   696, 699 (9th Cir. 1990).  In answering this question, the Court must assume that the plaintiff's

22   allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City*

23   *of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

24         Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive

26   a Rule 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a

27   formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic v. Twombly*, 550 U.S.

28   544, 127 S. Ct. 1955, 1964 (2007).  While the complaint does not need detailed factual allegations, it

United States District Court
For the Northern District of California

2

must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* at 1965.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendants have moved to dismiss the complaint on a number of grounds, including the absence of allegations specific to each defendant and the absence of specific factual allegations to support each of the claims. The Court finds that the complaint is deficient in a number respects. Since plaintiff is representing himself, the Court offers the following discussion by way of guidance, should plaintiff choose to amend his complaint.

Defendants are correct that the overarching problem with the complaint is the lack of specific factual allegations to support each claim. If plaintiff amends the complaint, plaintiff must ensure that the complaint contains factual allegations showing why each named defendant is liable. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, plaintiff must provide specific factual allegations for each element of each of his claims, and he must state with specificity to which defendants each of his claims apply.

**A.      Plaintiff's Federal Claims**

**1.      Alleged violations of the Fair Debt Collections Practices Act**

Plaintiff fails to allege specific facts demonstrating that defendants violated the FDCPA, which is plaintiff's only viable federal cause of action.

In order to establish a claim under the Fair Debt Collections Practices Act, plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector

3

United States District Court

For the Northern District of California

within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *See Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997).

Plaintiff fails to specifically allege any of these elements, instead stating that all of the defendants "did unlawfully violate the Fair Debt Collections Practices Act." Compl. at ¶ 11. Plaintiff alleges that he asked defendants to cease and desist all collections until they provided plaintiff a bona fide validation of the debt. However, plaintiff's claim remains insufficient because he fails to state with specificity which defendants violated the FDCPA, whether they complied with his request to cease collection efforts, and which specific provisions of the FDCPA they violated. Thus, the Court dismisses plaintiff's FDCPA claims with leave to amend.

### 2.    Alleged violations of the Single Family Mortgage Foreclosure Act of 1994

While plaintiff does not specifically allege that defendants violated the Single Family Mortgage Foreclosure Act ("SFMFA"), he cites multiple sections of the SFMFA as "mandatory authority," suggesting that he may intend to allege such a claim. The provisions that plaintiff cites only apply to foreclosures on behalf of the Secretary of Housing and Urban Development ("HUD"). *See* 12 U.S.C. § 3751. Plaintiff does not allege that HUD issued his mortgage or that HUD ever held his mortgage, and absent evidence that the Secretary of HUD initiated foreclosure proceedings against the plaintiff, he cannot state a claim under the SFMFA. *See Termarsch v. Homeq Servicing Corp.*, 399 F. Supp. 2d 827, 829 (W.D. Mich. 2005). Thus, to the extent that plaintiff states claims arising under the Single Family Mortgage Foreclosure Act, those claims are dismissed without leave to amend, unless plaintiff can demonstrate that the foreclosure sale was on behalf of HUD.

### B.    Plaintiff's State Law Claims

While plaintiff alleges only one federal cause of action over which the Court has original jurisdiction, the Court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The Court has

United States District Court
For the Northern District of California

1    discretion to hear such claims "where there is a substantial federal claim arising out of a common

2    nucleus of operative fact." *Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir. 1995). If, however,

3    the state claims substantially predominate, the Court may dismiss them without prejudice and leave

4    them to state tribunals for resolution. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966).

5         In this case, plaintiff asserts his claims "With Supplemental of [sic] Jurisdiction." Compl. at 2.

6    Without a claim over which the Court has original jurisdiction, it may not hear any of plaintiff's state

7    law claims. The Court will defer deciding whether to exercise supplemental jurisdiction over plaintiff's

8    state law claims until it determines whether plaintiff has a viable federal claim. The Court nonetheless

9    offers the following by way of guidance, should plaintiff choose to amend his complaint.

11        **1.      Foreclosure proceedings under California Civil Code § 2924 *et seq.***

12             **a.      Plaintiff's claim that foreclosure sale earned less than true market value**

13        Plaintiff alleges that defendants transferred his property to the bank "for cents on the dollar when

14   the actual fair market value was $850,000." Compl. at ¶ 15. Plaintiff, however, fails to allege any facts

15   demonstrating that the price obtained in the foreclosure sale was below market value. Moreover, given

16   that defendants have provided evidence that the price obtained at the foreclosure sale was $625,000, the

17   Court is skeptical that plaintiff will be able to demonstrate that the price obtained was egregiously or

18   unlawfully below market value.[1] *See* Defs.' Req. for Judicial Notice at Ex. 1.

20             **b.      Plaintiff's claim that defendants failed to provide notice**

21        Plaintiff alleges that defendants "never [sent] notice of time and location of where the 'Sale' was

22   going to take place" in violation of California Civil Code § 2924.3. Compl. at ¶ 15.

23        Section 2924.3 governs notice requirements for mortgagees and beneficiaries of a sale and

24   requires notice of the time and place of sale at least 15 days beforehand. *See* Cal. Civ. Code § 2924.3.

25   Where "the trustee's deed recites that all statutory notice requirements and procedures required by law

---

[1]A court may take judicial notice of adjudicative facts. Fed. R. Evid. 201. Defendants' request for the Court to take judicial notice of the Trustee's Deed Upon Sale, recorded in the County Recorder's Office as DOC-2008-I6946760-00, is GRANTED.

1    for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has

2    been conducted regularly and properly." *Moller v. Lien*, 25 Cal. App. 4th 822, 831 (Ct. App. 1994).

3    Defendants cite the Trustee's Deed Upon Sale, which states that all statutory notice requirements have

4    been met. *See* Defs.' Req. for Judicial Notice at Ex. 1.  Plaintiff has not alleged facts sufficient to rebut

5    the presumption created by the Trustee's Deed that the sale was conducted regularly and properly.

6

7                    **c.       Plaintiff's allegations of unlawful foreclosure, malice, fraud and oppression**

8            Finally, plaintiff fails to allege facts demonstrating a cause of action for unlawful foreclosure,

9    malice, fraud or oppression.  Plaintiff claims that defendants "unlawfully violate[d] [California Civil

10   Code § 2924.3(d)] foreclosure proceedings," that they are "guilty of malice, fraud or oppression" under

11   California Civil Code § 3294 and that the foreclosure proceedings "violated the terms and conditions

12   of the original promissory note."  However, plaintiff does not provide any specific factual allegations

13   to support his claims, nor does he differentiate which allegations apply to which defendants.

14

15                    **d.       Plaintiff's allegation that he was under bankruptcy protection**

16           Plaintiff argues in his opposition to defendants' motion to dismiss that he was under the

17   protection of bankruptcy court at the time of the foreclosure sale.  Pl.'s Reply at ¶ 4.  The sale, plaintiff

18   argues, was therefore "irregular, improper and void" under California Civil Code § 2924. *Id.*  Plaintiff's

19   opposition is not the proper place for plaintiff to raise new claims.  However, even if plaintiff's claim

20   were properly stated, it would fail as a matter of law, because plaintiff had at least three bankruptcy

21   cases dismissed in 2008.[2]  Defs.' Sur-Req. for Judicial Notice at Ex. L-N.  An automatic stay of

22   foreclosure proceedings does not vest where a plaintiff has had two or more bankruptcy filings

23   dismissed.  11 U.S.C. § 362(a)(4)(A)(I).

24

25

26

         _____

27           [2]Defendants' request for the Court to take judicial notice of the dismissal orders of three
     Northern District of California Bankruptcy cases, Case Nos. 08-31476, 08-30141, and 08-30331, is
28   GRANTED.

United States District Court
For the Northern District of California

**2.      Fraud**

Plaintiff's complaint claims to allege fraud against all defendants, but the ensuing paragraphs suggest that plaintiff intends to allege both fraud and concealment.  In any event, plaintiff fails to allege facts sufficient to demonstrate of either of these claims.

To establish a cause of action for fraudulent misrepresentation, plaintiff must plead and prove four elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages.  *Service by Medallion, Inc. V. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (Ct. App. 1996).

To establish a cause of action for fraudulent concealment, plaintiff must plead and prove five elements: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.  *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13 (Ct. App. 1992).

In addition to alleging facts sufficient to demonstrate each essential element of fraud, plaintiff's complaint must be pled with sufficient particularity to meet the heightened pleading standard for a fraud claim.  *See* Fed. R. Civ. P. 9(b) ("in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.").  Thus, in addition to the "time, place and content of the alleged misrepresentation [or concealment]," the plaintiff's complaint "must set forth what is false or misleading about a statement and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999).

Plaintiff alleges simply that defendants collectively "failed to disclose certain facts that they were . . . required to disclose and went further to conceal such facts knows [sic] by each of the defendants."  Compl. at ¶ 26.  However, plaintiff fails to plead with any specificity which facts were material, which were and were not disclosed to him, which defendants concealed which facts, and which defendants had a duty to disclose those  facts to him.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.      Breach of fiduciary duty

Plaintiff, in his allegations for fraud, suggests that all the defendants breached a fiduciary duty. However, because it appears that the plaintiff was in a borrower-lender relationship with the defendants, their relationship was not fiduciary in nature.  Rather, a commercial lender is entitled to pursue its own economic interests in a loan transaction, and therefore generally does not owe a fiduciary duty to its borrowers. *Nymark v. Heart Fed. Savings & Loan Ass'n.*, 283 Cal. App. 3d 1089, 1093 n.1 (Ct. App. 1991).

### 4.      Usury

Plaintiff fails to allege facts in support of his claim for usury.

The essential elements of usury are: (1) the transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction. *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798 (1994) (citations omitted).

Plaintiff alleges that defendants "never lent money" and provides the definition of usury from Black's Law Dictionary.  Compl. at ¶¶ 36-37.  He says that the banks only lent him credit, not money, and he does not plead any specific facts regarding the interest rate paid on his loan, the statutory maximum interest rate, or the intent of the lenders.  *See id.*

### 5.      Abuse of process

Plaintiff fails to allege facts in support of his claim that a judicial process was initiated against him for an improper purpose.  In fact, plaintiff's abuse of process claim appears to actually allege that defendants conspired to defraud him.  To the extent that plaintiff intends to allege that defendants conspired to commit fraud, the claim fails for the same reasons as his fraud claims failed, as outline above.

If, however, plaintiff wishes to state a claim for abuse of process, plaintiff must show that defendants used a legal process in a wrongful manner to accomplish a purpose for which it was not designed. *Spellens v. Spellens*, 49 Cal. 2d 210, 231 (1957).  The essential elements of this claim are:

8

(1) that defendants acted with an ulterior motive; and (2) that a willful act or threat was committed by defendants, not authorized by the process and not proper in the regular conduct of some official proceedings; and (3) that defendants' misuse of the legal process was a cause of injury, damage, loss or harm to plaintiff. *Id.* at 232. The nature of the tort is that it is committed by the misuse of process — i.e., the use of process for a purpose other than that for which it is designed. Witkin, *Summary of California Law* § 517 (2005).

Plaintiff alleges that defendants conspired against him and used their superior legal knowledge to defraud him. Compl. at ¶¶ 40-43. These allegations do not state a claim for abuse of process. Plaintiff does not allege that defendants acted in the context of any official proceedings, nor does he allege that defendants acted with an ulterior motive or committed acts improper within the regular conduct of an official proceeding.

### 6.    Intentional infliction of emotional distress

Plaintiff fails to allege facts in support of his claim for intentional infliction of emotional distress.

The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (1979) (citations omitted). "For [c]onduct to be outrageous, [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations omitted).

Plaintiff alleges that defendants engaged in "unjustified malicious and heartless conduct" that caused him emotional distress. Compl. at ¶ 46. However, plaintiff does not plead any facts demonstrating that defendants' conduct was so extreme as to exceed all bounds tolerated in a civilized society. While defendants' conduct may seem subjectively outrageous to him, plaintiff must demonstrate that it was objectively outrageous to society.

**United States District Court**
For the Northern District of California

### 7.     Trespass

Plaintiff fails to allege facts in support of his claim for trespass.

"The essence of the cause of action for trespass is an unauthorized entry onto the land of another." *Miller v. Nat'l Broadcasting Co.*, 187 Cal. App. 3d 1463, 1480 (Ct. App. 1986).  To establish a claim for trespass, the plaintiff must prove: (1) that the plaintiff owned the property; (2) that the defendant entered the plaintiff's property without permission; (3) that plaintiff suffered harm; and (4) that the defendant's entry was a substantial factor in causing the plaintiff's harm.  *Id.*; *see also* Cal. Civ. Jury Inst. § 2000 (2008).

Plaintiff merely concludes that defendants trespassed, without pleading facts sufficient to demonstrate any of the elements of a trespass claim.  Indeed, plaintiff has not even alleged that he owned the property at the time of the trespass or that defendants entered the property without his permission.

### 8.     Quiet title

In addition to his claims for damages, plaintiff attempts to state a cause of action against all defendants to quiet title to the Property.  He alleges, simply, that "Defendant's [sic] claim is without any right." Compl. at ¶ 50.  In addition to lacking sufficient factual specificity (like many of plaintiff's other claims), plaintiff's request to quiet title fails as a matter of law.

Under California law, a trustee's foreclosure sale under a deed of trust is presumed valid. *Sierra-Bay Fed. Land Bank Ass'n v. Superior Court*, 227 Cal. App. 3d 318, 336 (Ct. App. 1991).  In order to seek to quiet title, plaintiff must first seek to set aside the foreclosure sale.  *See id.*  To set aside the sale, plaintiff must demonstrate such unfairness or irregularity, along with gross inadequacy in the price obtained, that it becomes appropriate to invalidate the sale.  *See id.*

### 9.     Article III, Section 306 of the Uniform Commercial Code

Plaintiff alleges that defendants "did unlawfully violate Article 3 Section 306 of the Uniform Commercial Code foreclosure proceedings."  Compl. at ¶ 13.  However, as defendants correctly note in their motion to dismiss, Section 306 does not provide any requirements for foreclosure proceedings.

10

Rather, Section 306 defines who is the holder of an instrument and who may be sued.  *See* UCC § 3-306.
It does not provide any legal theory giving rise to a cause of action; it is merely a definition.

**C.      Plaintiff's Motion for a Temporary Restraining Order**

A temporary restraining order ("TRO") may be issued only if "immediate and irreparable injury,
loss, or damage will result to the applicant" if the TRO does not issue.  Fed. R. Civ. P. 65(b).  This rule
requires the Court to consider the likelihood that plaintiff will prevail on the merits and the possible
harm to the parties from granting or denying the injunctive relief.  *See Sierra On-Line, Inc. v. Phoenix
Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).  Because the Court finds that plaintiff is unlikely
to prevail on the merits, his motion for a TRO is DENIED.

**CONCLUSION**

For all of the foregoing reasons, the Court hereby GRANTS defendants' motion to dismiss with
leave to amend.  If plaintiff wishes to amend the complaint, **the amended complaint must be filed and
served no later than February 23, 2009.**

**IT IS SO ORDERED.**

Dated:  February 9, 2009

_____
SUSAN ILLSTON
United States District Judge

11