**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERGIO I. GUTIERREZ,

Plaintiff,

v.

WELLS FARGO BANK, *et al.*

Defendants.
_______________________________________/

No. C 08-05586 SI

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants have filed a motion to dismiss plaintiff's complaint. This motion is scheduled for hearing on April 24, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument, and VACATES the hearing and the case management conference scheduled for the same day. Defendants' motion is GRANTED.

**BACKGROUND**

On February 9, 2009, the Court granted defendants' motion to dismiss plaintiff's complaint and granted plaintiff leave to amend. The Court instructed plaintiff to file his amended complaint no later than February 23, 2009. On February 17, 2009, plaintiff filed a document titled "Emergency Notice of Mistake and Amendment to Complaint for Damages." Docket No. 22. Defendants have interpreted this complaint to be plaintiff's first amended complaint ("FAC") and have moved to dismiss. That motion is now before the Court.

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Dismissal of a complaint may be based "on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007). While the complaint does not need detailed factual allegations, it must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* at 1965.

**DISCUSSION**

As an initial matter, plaintiff improperly attempts to incorporate all of the allegations in his initial complaint into his FAC. Local Rule 10-1 requires that the amended pleading be complete in itself and not incorporate by reference allegations or exhibits in the original pleading. Civ. Local Rule 10-1. Plaintiff's FAC contains six paragraphs of "general allegations," one of which seeks to reincorporate all of the claims made in his original complaint. Plaintiff's amended complaint therefore does not comply with Rule 10-1. Plaintiff also failed to file an opposition to defendants' motion to dismiss.

In any event, plaintiff's FAC does not cure any of the deficiencies in his first complaint, which the Court explained in detail in its order issued on February 9, 2009. Docket No. 19. Plaintiff's

United States District Court
For the Northern District of California

"general allegations," while clarifying some of the issues he raised in his initial complaint, do not cure any of the deficiencies noted by the Court, nor does he appear ready or able to do so. Thus, defendants' motion to dismiss plaintiff's FAC is granted without leave to amend.

## CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS defendants' motion to dismiss plaintiff's FAC without leave to amend. (Docket No. 22.)

**IT IS SO ORDERED.**

Dated: April 20, 2009

SUSAN ILLSTON
United States District Judge